IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-20250
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ALMARAZ,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-557-1

---

January 31, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Almaraz challenges his conviction for knowingly possessing a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Almaraz contends that the district court erred in denying his motion to suppress the results of the warrantless search of his

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vehicle.  In reviewing this claim, we consider the evidence in the light most favorable to the party prevailing below, here the government, accept all factual findings that are not clearly erroneous, and review questions of law *de novo*.  *United States v. Shannon*, 21 F.3d 77, 81 (5th Cir. 1994).

Almaraz does not challenge the stop of the vehicle, which was clearly based on probable cause.  He argues that the officers were not authorized to open a closed container as part of their inventory search of the vehicle absent a specific, written departmental policy permitting them to do so.  He contends that the suppression-hearing testimony regarding the policy with respect to the opening of closed containers was contradictory and that the written policy submitted said nothing about the subject.

Almaraz's argument is unavailing.

We have stated that there is no requirement that a law enforcement agency's inventory policy must specifically address the steps that an officer should take upon encountering a closed container.  *See United States v. Como*, 53 F.3d 87, 92 (5th Cir. 1995).  Deputies Clark and Mendez both testified that departmental policy requires officers to inventory completely a vehicle which is going to be towed for the purpose of "safekeeping" valuables.  It is clear that the policy behind conducting an inventory search was for safekeeping, rather than simply searching for evidence.  *See id*. at 93.  Moreover, Deputy Clark stated that he was not looking

2

for or expecting to find any contraband when he lifted the white shirt lying on the backseat, revealing a gun case. Thus, there is no indication that the inventory search here was actually a search for evidence, nor is there any allegation that the officers acted in bad faith during the inventory search. *See United States v. Gallo*, 927 F.3d 815, 819 (5th Cir. 1991).

In any event, as the district court found, it was readily and reasonably apparent to the officers that the closed container in question was a gun case and likely contained a gun, and hence the officers had essentially located the weapon without opening any closed container. *See, e.g., Como*, 53 F.3d at 93 n.4.

Finally, and independently of the foregoing, it is clear that there was probable cause to search the interior of the vehicle in that the officers noted the smell of marihuana emanating from the vehicle on approaching its passenger side and before making any entry into it. "This Court has consistently held that the smell of marihuana alone may constitute probable cause to search a vehicle." *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999) (citing cases).

The district court thus did not err in denying Almaraz's suppression motion.

Almaraz next complains that his attorney was ineffective in several ways. Because these complaints of ineffective assistance were not first addressed in the district court, this court will not

3

review them, except for the complaint that counsel failed to move for judgment of acquittal at the close of the government's evidence (no defense evidence was presented). *See United States v. Rosalez-Orozco*, 8 F.3d 198, 199-200 (5th Cir. 1993); *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). With respect to the failure to move for judgment of acquittal, we hold, as discussed below, that the evidence is sufficient to support the conviction even when reviewed under the standard appropriate for instances where proper motion for judgment of acquittal has been made, and hence the failure to move for judgment of acquittal did not prejudice Almaraz and he is not entitled to relief on his claim of ineffective assistance of counsel in this respect. *Rosalez-Orozco* at 199-200.

Almaraz additionally contends, for the first time on appeal, that the admission of the testimony concerning his use of marihuana and his prior weapons conviction was irrelevant and/or unduly prejudicial and should have been excluded under Fed. R. Evid. 404. Because these arguments were not raised in the district court, review is for plain error only. *United States v. Olano*, 507 U.S. 725, 732-36 (1993); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Almaraz has not demonstrated any plain error in connection with the admission of the challenged testimony.

The minimal evidence regarding the use of marihuana was

4

elicited from Almaraz's companion, Cynthia Hinojosa, when discussing her inability to drive, and related to the stop and ultimate decision to impound the vehicle, as she and Almaraz were each too impaired to drive, and inventory search it. Given the unchallenged evidence of cocaine and marihuana in the vehicle, it is clear that if there was any error in this respect there is no showing that it was prejudicial, and certainly it does not seriously affect the fairness, integrity or public reputation of judicial proceedings.

Moreover, the fact that Almaraz had a prior felony conviction was an essential element of the section 922(g) offense with which he was charged and which thus had to be proved beyond a reasonable doubt to obtain a conviction. *See* 18 U.S.C. § 922(g). Rule 404 has no application in such a circumstance.

In his final point of error, Almaraz challenges the sufficiency of the evidence to support his conviction. Specifically, Almaraz contends that his conviction under both counts of the indictment cannot stand because the Government did not prove that he knowingly possessed the firearm in question.

Possession may be actual or constructive and may be proved by circumstantial evidence. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1999). The government demonstrated Almaraz's constructive possession of the gun in question through proof that Almaraz owned the vehicle in which it was found; that Hinojosa had

5

disavowed any knowledge of the weapon; and that Almaraz had informed officers that Hinojosa should not be subjected to criminal charges because she had nothing to do with the items seized from his car. *See, id; United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996).

The government provided additional proof of Almaraz's guilty knowledge by demonstrating that, when Deputy Clark first approached the vehicle, there was nothing in the backseat; after he removed Hinojosa from the vehicle, arrested her, and returned to the vehicle to speak with Almaraz, he discovered that Almaraz was no longer wearing the shirt he had been wearing when first approached, only his undershirt, and that the shirt Almaraz had been wearing had been thrown onto the backseat. The officers later discovered the gun case and gun under the shirt in the backseat, indicating that Almaraz had put the gun case on the backseat when officers were otherwise occupied, then had thrown his shirt over the gun case to conceal it from the officers. Because Almaraz was the sole occupant of the vehicle at the time the gun was placed on the backseat, within his reach and concealed by the shirt he had been wearing only moments before, the evidence was sufficient to allow a reasonable trier of fact to find that it established beyond a reasonable doubt Almaraz's knowing possession of the gun.[1]

---

[1]Almaraz argues that it is significant that there is no evidence that his fingerprints were on either the gun or its container. This, however, is not determinative. There is no

6

Almaraz has not demonstrated any error in the district court's judgment. Accordingly, the judgment is

AFFIRMED.

---

evidence of any other person's prints on either item. The fingerprint expert testified without contradiction that though the container and the gun had marks indicating they had been handled, the "prints" were all too smudged or blurred to form the basis of any comparison, and that such a state of affairs was in no way unusual.